UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE O. ESCOBAR,

                Petitioner,                Case No. 1:14-cv-956

v.                                           Honorable Gordon J. Quist

THOMAS WINN,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

### Factual Allegations

Petitioner Jose O. Escobar presently is incarcerated at the Saginaw Correctional Facility. Following a jury trial in the Berrien County Circuit Court, Petitioner was convicted of possession with intent to deliver 1000 or more grams of a mixture containing cocaine, MICH. COMP.

LAWS § 333.7401(2)(a)(I).  On August 6, 2012, the court sentenced Petitioner to a prison term of 144 months to 480 months.

Petitioner appealed his conviction to the Michigan Court of Appeals.  The court of appeals described the underlying facts as follows:

> Defendant was stopped for a traffic violation while traveling on eastbound I-94 near the six-mile marker in Berrien County.  The trooper who made the stop noticed that defendant's vehicle smelled strongly of air fresheners and that defendant exhibited nervous behavior.  The trooper asked defendant if he would consent to a search of the vehicle. Defendant consented to the search and troopers found three "kilo-sized" packages of cocaine hidden in the sleeves of a jacket in the rear of the vehicle.  The total weight of the cocaine was 2,974 grams.

*People v. Escobar*, No. 312382, 2013 WL 6508802, at *1 (Mich. Ct. App. Dec. 12, 2013).  In his appeal, Petitioner challenged the duration of his sentence based on a two-part argument:  (1) the prosecutor misrepresented the substance of a state sentencing provision; and (2) the trial court improperly scored Offense Variable (OV) 15 at 100 points, based on a finding that he possessed more than 1000 grams of the cocaine, which Petitioner argues was duplicative of the amount necessary to sustain the offense itself.  In an unpublished opinion issued December 12, 2013, the court of appeals rejected both claims and affirmed the conviction and sentence.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same sentencing claims.  The supreme court denied leave to appeal on April 28, 2014.

In his habeas application, Petitioner reiterates the arguments presented in his state-court appeals.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for

writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

### A.     Sentence Based on Inaccurate Information

Petitioner first argues that the sentencing court improperly relied upon inaccurate information in issuing its sentence, following a misstatement of the law by the prosecutor.  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

The court of appeals analyzed Petitioner's claim as follows:

> [D]uring sentencing and in the Presentence Investigation Report (PSIR), defendant asserted that he is a Honduran citizen and that he possessed a green card.  The prosecutor made the following statements during the sentencing hearing with regard to how defendant's Honduran citizenship may alter his sentence:

> I don't ultimately know what immigration will do with Mr. Escobar, but last—either late last year or early this year, the Michigan Legislature passed a new act which provides that after—I believe it's a third of your sentence, if you are in a Michigan prison subject to a deportation order after you've served—I believe it's a third, it might be a quarter—but a third of your sentence, you will be removed from prison and deported back to whatever country from which you emanate.  So it's—it's the one exception to Michigan's Truth in Sentencing Act, so assume for a minute you imposed a ten year sentence, then he would only have to serve roughly a third of that before he would be deported.  So I just wanted to remind the court of that and leave the matter of sentence to your Honor's discretion.  You sat through the trial as long as we did.  You certainly have a handle on what happened and what the defendant's involvement is, but I just wanted the court to be aware that there's a possibility that a ten, 12 year sentence wouldn't actually be the sentence served by this defendant.

The trial court thereafter sentenced defendant to 144 to 480 months' imprisonment, stating:

> This is a very serious offense. You had three kilos of cocaine in the vehicle that you were driving from Michigan into Indiana and then back again.
>
> * * *
>
> You do not have a significant prior criminal history. But the guideline range, as you indicate, in this case is very high. The guideline range is 126 months to 210 months on the minimum end. The prior record variable is two.
>
> The purpose of my sentence, sir, is punishment, protection of the community, deterrence, [and] reformation . . . .

Defendant argues that the prosecutor incorrectly informed the trial court that he would only have to serve one-third or one-fourth of his sentence before being subject to deportation, when MCL 791.234b(2)(c) states that defendant must serve "at least ½ of the minimum sentence imposed by the court."  Because this error went uncorrected, and may have influenced the decision of the trial court, defendant asserts that resentencing is warranted.  We disagree.

"Whether the trial court's understanding was a misapprehension of the law is a question of law, to which we apply a de novo standard of review." *People v Moore*, 468 Mich 573, 579; 664 NW2d 700 (2003).  "A sentencing judge's misapprehension of the law can be a ground for finding a sentence to be invalid."

> *Id.* Nevertheless, the trial court is presumed to know the law. *People v Knapp*, 244 Mich App 361, 389; 624 NW2d 227 (2001).
>
> We agree with defendant that the prosecutor misstated the contents of MCL 791.234b. MCL 791.234b states, in pertinent part that "the parole board shall place a prisoner described in subsection (2) on parole and release that prisoner to the custody and control of the United States immigration and customs enforcement for the sole purpose of deportation."
>
> (2) Only prisoners who meet all of the following conditions are eligible for parole under this section:
>
> (a) A final order of deportation has been issued against the prisoner by the United States immigration and naturalization service.
>
> (b) *The prisoner has served at least ½ of the minimum sentence imposed by the court.* [Emphasis added.]
>
> However, we emphasize that the trial court is presumed to know the law, *Knapp*, 244 Mich App at 389, and the prosecutor's misapprehension is not imputed to the trial court. There is no evidence of record that the trial court considered MCL 791.234b, whether accurately or under a misunderstanding, in sentencing defendant. The trial court noted that defendant's offense was "very serious" and that the purpose of its sentence was punishment, protection of the community, deterrence, and reformation. Thus, there was no indication in the trial court's remarks that it considered the misapprehension of the law put forth by the prosecutor—that defendant might "possibly" serve one-third or one-fourth of the sentence given by the trial court—when determining defendant's sentence. To presume the trial court misunderstood the law and was influenced by such a misunderstanding is purely speculative. The trial court followed the recommendation of the PSIR and sentenced defendant near the low end of the guideline range, properly stating the reasons for the given sentence. Accordingly, defendant is not entitled to resentencing. *Moore*, 468 Mich at 579.

*Escobar*, 2013 WL 6508802, at **2-3.

Although the court of appeals did not indicate that it was applying the constitutional standard for determining whether a sentence was based on inaccurate information, its inquiry was consistent with that standard. The court of appeals recognized that the prosecutor's statement of the law was wrong. Relying on that interpretation, this Court will assume that the sentencing court had before it a false representation that arguably meets the first prong of the *Tucker* test. *See* 404 U.S. at 447.

Nevertheless, Petitioner wholly fails to demonstrate the second prong of the test – that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447. As previously discussed, a sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447. The court of appeals expressly held that the evidence on the record did not support a conclusion that the trial court based its sentence on the prosecutor's erroneous statement.

On habeas review, a determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Here, Petitioner does not point to any contrary evidence – much less clear and convincing evidence – that would indicate that the trial court actually relied on the prosecutor's understanding of the law. Moreover, as the state court held, the trial judge stated his reasons for the sentence – reasons that had nothing to do with any misrepresentation of the law by the prosecutor. Because, the decision of the court of appeals was both legally and factually reasonable under the AEDPA, Petitioner is not entitled to habeas relief on this ground.

      **B.**      **Sentence Scoring – Offense Variable 15**

In the second argument concerning his sentence, Petitioner argues that he should not have been scored 100 points under OV 15 for possession of at least 1000 grams of a mixture containing cocaine, because he was already convicted of an offense that required proof that he

possessed at least 1000 grams. He contends that it is against the public policy behind the Michigan sentencing guidelines to OV 15 when the variable addresses an inherent characteristic of the underlying offense.

The Michigan Court of Appeals analyzed his claim under state law and found it to be without merit:

> Points are assessed under OV 15 for aggravated controlled substances offenses. MCL 777.45(1). Specifically, MCL 777.45(1) states in pertinent part that OV 15 is scored "by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:"
>
> > (a) The offense involved the manufacture, creation, delivery, possession, or possession with intent to manufacture, create, or deliver of 1,000 or more grams of any mixture containing a controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7214(a)(iv) [100 points]
>
> Here, it is undisputed that defendant's conviction under MCL 333.7401(2)(a)(i) involved possession with intent to deliver 1,000 or more grams of cocaine. Further, cocaine is listed as a "schedule 2" controlled substance under MCL 333.7214(a)(iv). Therefore, considering the plain language of the statute, a score of 100 points under OV 15 is appropriate.
>
> With regard to defendant's argument that this result is against the policy behind the legislative guidelines because it assesses points for factors inherent in the sentencing offense itself, not aggravating factors, we note that Michigan Courts have already rejected this argument with regard to OV 3 and OV 19. *People v Houston*, 473 Mich 399; 702 NW2d 530 (2005); *People v Underwood*, 278 Mich App 334, 339-340; 750 NW2d 612 (2008). Specifically, in *Houston*, 473 Mich at 409, the Michigan Supreme Court stated that this was an "odd and unpersuasive argument. We consistently look to and enforce the plain language of statutes rather than some imagined 'legislative purpose' supposedly lurking behind that language."
>
> > Moreover, the Legislature has in this very statute demonstrated its ability to preclude the scoring of points for circumstances that are a necessary element of the sentencing offense. For instance, MCL 777.33(2)(b) precludes the scoring of one hundred points where death is an element of the sentencing offense. In addition, MCL 777.33(2)(d) precludes the scoring of five points where bodily injury is an element of the sentencing offense. [*Id.* at 410]

> Accordingly, here, if the legislature had intended to "preclude the scoring of points for circumstances that are a necessary element of the sentencing offense," *id.*, under OV 15, it would have done so. Thus, defendant's argument is without merit. Defendant's sentence of 144 to 480 months was within the recommended minimum range under the legislative guidelines; therefore, defendant is not entitled to resentencing. MCL 777.62; *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010).

*Escobar*, 2013 WL 6508802, at **3-4.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Moreover, Petitioner fails even to allege that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome in violation of due process. *See Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). Nor could he prove such fundamental unfairness. Under Michigan law, the maximum sentence for his offense was life imprisonment or

any term of years. Petitioner was sentenced far short of the maximum, having been given a prison term of 144 to 480 months. Moreover, Petitioner was found guilty of possessing 2,974 grams – nearly three times the amount necessary to prove the offense. For all these reasons, Petitioner fails to demonstrate fundamental unfairness. As a consequence, his sentencing-guidelines claim is not cognizable on habeas review.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: October 21, 2014             /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE